USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-18-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM,

Plaintiff,

-against-                                                                        25-cv-0847 (LAK)

INTEGRAL AD SCIENCE HOLDING CORP., et al.,

Defendants.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

Defendants have moved to dismiss the amended complaint in this securities class action pursuant to Fed. R. Civ. P. 12(b)(6). Their two motions each are supported by authenticating declarations. Collectively they have submitted more than 60 exhibits. One motion is accompanied also by more than 50 pages of appendices. Plaintiff moves to strike much of this material as inappropriate for consideration of a Rule 12(b)(6) motion.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court nevertheless may consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[1] Few if any of the defendants' exhibits are integral to the complaint. Their appendices, while serving in part to organize some of the allegations contained in plaintiff's unduly lengthy pleading, endeavor

---

[1] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

also to negate or undermine inferences that otherwise might by drawn from plaintiff's allegations.

When "materials outside the four corners of and not incorporated in the complaint" are submitted on a motion to dismiss, the motion must "be converted into one for summary judgment. Conversion of a 12(b)(6) motion into a summary judgment motion "(a) restricts the court to consideration only of evidence that would be admissible at trial, and (b) requires that '[a]ll parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion.'"[2] That often requires pretrial discovery.

Here, defendants in substance seek to use material outside the complaint to argue the factual merits or strength of plaintiff's allegations. While that may or may not be appropriate on a motion for summary judgment, it would be unfair and an improvident use of the Court's resources at this early stage of the action to consider this wealth of material *dehors* the amended complaint now.

That is not to say that there is any reason to "strike" those materials from the record, whatever practical meaning that has in this age of electronic files. It is sufficient to say that the Court excludes from consideration on the motions to dismiss all of (a) the exhibits and declarations outside of the amended complaint, and (b) the argumentative material included in the appendices. In view of that ruling, the motion to strike (Dkt 47) is **denied** as moot.

SO ORDERED.

Dated:          December 18, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[2] *Id.* (footnotes and citations omitted).